UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. CR-08-6057-LRS |
| Plaintiff, ) | |
| ) | **ORDER DENYING** |
| ) | **MOTION FOR RECONSIDERATION** |
| v. ) | |
| BENJAMIN DAVIS GROTE, ) | |
| Defendant. ) | |

**BEFORE THE COURT** is the Defendant's Motion For Reconsideration (Ct. Rec. 146). The motion was heard with oral argument on July 10, 2009. Assistant U.S. Attorney Robert A. Ellis, Esq., appeared on behalf of the Government. Kraig Gardner, Esq., appeared on behalf of Defendant.

Defendant asks the court to reconsider its June 16, 2009 "Order Re *Gant*" (Ct. Rec. 139) in which it found that the August 14, 2008 search of Defendant's vehicle remained a valid search incident to lawful arrest, even under the U.S. Supreme Court's decision in *Arizona v. Gant*, ___ U.S. ___, 129 S.Ct. 1710 (2009), and alternatively found that even if the search was not valid, that the good faith exception would preclude application of the exclusionary rule.

**I. DISCUSSION**

A motion for reconsideration can only be granted when a district court: (1) is presented with newly discovered evidence; or (2) committed clear error or the

**ORDER DENYING MOTION
FOR RECONSIDERATION-**                1

initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Dixon v. Wallowa County*, 336 F.3d 1013, 1022 (9th Cir. 2003).[1]

### A. Probable Cause To Arrest And To Search

Defendant contends there are no reliable facts that show alcohol was involved in his DUI arrest and therefore, even if Officer Moses believed the brown paper bag might contain a bottle of alcohol, it would not constitute evidence in this particular arrest, whether the bottle was opened or not. The court disagrees.

Officers Greenland and Moses were not obligated to believe that because Defendant stated he had taken a valium earlier in the day, this necessarily had to be the cause of: 1) his erratic driving as reported by third party witnesses; 2) his lack of alertness and awareness; 3) his thick, slow, slurred and deliberate speech; 4) his lack of motor control, demonstrated by him dropping his glasses and fumbling around for his driver's licence, but producing a business card instead; and 5) his inability to follow directions concerning certain field sobriety tests.[2]

Defendant asserts Officer Greenland testified he would not have arrested Defendant had the portable breath test (PBT) been negative. The court does not recall Officer Greenland making such a statement. It is true Officer Greenland

---

[1] The court assumes the same standard applies in both civil and criminal cases, even though the Federal Rules of Criminal Procedure do not contain a provision akin to Fed. R. Civ. P. 59(e).

[2] Although the Defendant told Officer Greenland he could not perform field sobriety tests because of a physical disability, and that he had documentation to that effect, he nevertheless performed and completed at least one of the tests, that being the horizontal gaze nystagmus. Other tests (heel to toe walk and turn test, one leg stand, and Rhomberg balance) he said he could not perform and/or did not perform.

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-              2**

opined that the lack of coordination and slow and deliberate speech exhibited by Defendant prior to the administration of the PBT did not rise to the level of probable cause. This, however, does not take into account the field sobriety tests which were administered subsequent to the PBT. Moreover, probable cause to arrest is an objective standard based on the totality of the circumstances. The subjective motivations and intentions of the officer are irrelevant. *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769 (1996). Therefore, the court stands by its conclusion that based on the totality of the circumstances, there was probable cause to arrest the Defendant for DUI, regardless of any concern about the accuracy of the PBT reading. Furthermore, it was reasonable for the officers to believe that alcohol or drugs, or a combination of the two, were involved in this DUI. Alcohol could not wholly be ruled out, notwithstanding the fact that none of the officers testified they detected an odor of alcohol on Defendant's person.

This court did not conclude that the fact there is probable cause to arrest for DUI always means there will be probable cause to search the vehicle for evidence of DUI. This court declined to adopt any *per se* rule, but instead relied upon the totality of the circumstances present in this case, including the fact that Officer Moses was able to observe through the window of the vehicle a brown paper bag wrapped around a bottle lying in the passenger seat. Officer Moses reasonably believed this bag contained a bottle of alcohol because he knew that liquor stores typically put bottles of alcohol in such bags. Adding to the reasonableness of his belief was the fact that at some point after he observed the bottle on the passenger seat, the Defendant must have moved the bottle to the back cab area of the vehicle

///
///
///
///

**ORDER DENYING MOTION FOR RECONSIDERATION-         3**

in an apparent attempt to make the bottle less readily obvious.[3]

Defendant contends that even if the observation of the bag justified initiating a search of the vehicle, Officer Moses was obligated to begin his search by inspecting the contents of the bag, and when that bag revealed an unopened bottle of vodka, there was no justification for a further search of the vehicle because the unopened bottle was not evidence of DUI.

First, it was not just the bag alone which justified the search. There were other circumstances present which would have led, and did lead, an officer to reasonably believe the vehicle contained evidence of the crime of arrest.[4] Accordingly, Officer Moses did not have to begin his search by determining whether there in fact was a bottle of alcohol in the paper bag, as opposed to a bottle of something else. Officer Moses reasonably believed the vehicle contained evidence of the crime of arrest, even if no such evidence was ultimately found. Even if an unopened bottle of alcohol is not evidence of DUI, an open container

---

[3] Defendant takes issue with the court's statement in its June 16 order that the moving of the bottle constituted an attempt by him to "conceal" the bottle, considering that Officer Moses could still see the bottle from the exterior of the vehicle after it had been moved to the back cab area. The salient point is that the bottle was moved, presumably by the Defendant, for no apparent reason other than to make its presence less obvious.

[4] In its June 16 order, this court found that based on Ninth Circuit case law, the Ninth Circuit would likely conclude the "reasonable to believe" standard referred to in *Gant* is the equivalent of a probable cause standard.

**ORDER DENYING MOTION FOR RECONSIDERATION-**             **4**

would be[5], and is contraband in its own right.[6] Considering the totality of the circumstances, including what reasonably appeared to be a bottle of alcohol inside of a brown paper bag (whether opened, unopened, or empty), it was reasonable to believe Defendant's vehicle contained open or empty containers of alcohol, evidencing recent consumption of alcohol just prior to driving and/or while driving. While DUI is a traffic offense like driving with a suspended license (the offense at issue in *Gant*), it is not a routine traffic violation where there will never be a reasonable basis to believe the vehicle contains relevant evidence. *Gant*, 129 S.Ct. at 1719. Under the totality of circumstances, it was objectively reasonable for Officer Moses to search Defendant's vehicle for evidence of driving under the influence, including open or empty containers of alcohol. *See United States v. Oliva*, 2009 WL 1918458 at *6 (S.D. Tex. 2009) (search of vehicle lawful even though no open containers found). Officer Moses' subjective motivations for the search are irrelevant.

      Defendant contends the court is effectively applying a *per se* rule that the existence of probable cause to arrest for DUI will always justify a search of a vehicle on the basis it will always be reasonable to believe a vehicle contains evidence of the offense of arrest. Defendant contends this renders *Gant* meaningless. The court does not believe it is applying a *per se* rule and it does not believe it has committed a "clear error" or that its decision creates a "manifest injustice." The court also recognizes, however, that it is unlikely to be the final say on this matter. *Gant* represents a change in the law with which courts will be

---

[5] *State v. Gillenwater*, 96 Wn.App. 667, 671, 980 P.2d 318 (1999); *Hoffman v. Tracy*, 67 Wn.2d 31, 35, 406 P.2d 323 (1965).

[6] RCW 46.61.519; *State v. Cantrell*, 124 Wn.2d 183, 185, 875 P.2d 1208 (1994).

**ORDER DENYING MOTION**
**FOR RECONSIDERATION-**                **5**

wrestling for the foreseeable future.

### B. Good Faith Exception To Exclusionary Rule

This court ruled in the alternative that even if the search of Defendant's vehicle was not a valid search incident to lawful arrest, the fruits of the search should not be excluded because Officer Moses conducted the search in objective good faith based on the law as it is existed prior to *Gant*.

Defendant contends this is "clear error" because it violates the retroactivity doctrine which holds that "a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past." *Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708 (1987).[7] Recently, in *United States v. Buford*, ___ F.Supp.2d ___, 2009 WL 1635780 at * 4 (M.D. Tenn. 2009), a district court declined to apply the good faith exception based on *Gant*, finding it conflicted with the retroactivity doctrine and because of the fact that "cases have not gone so far as to the extend the [good faith] doctrine to reliance on decisions of the United States Supreme Court that were reversed or overturned while the defendant's case was on review."

This court understands the importance of the retroactivity doctrine in insuring that similarly situated criminal defendants are treated the same. In this court's view, however, the good faith exception to the exclusionary rule is of equal

---

[7] *Griffith* did not involve the good faith exception to the exclusionary rule. Furthermore, as the Government notes, *United States v. Johnson*, 457 U.S. 537, 542-43, 102 S.Ct. 2579 (1982), stating that "a decision of the Court construing the Fourth Amendment is to be applied retroactively to all convictions that were not yet final at the time the decision was rendered," was decided two years prior to *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405 (1984), which established the good faith exception.

**ORDER DENYING MOTION
FOR RECONSIDERATION-            6**

importance. The exclusionary rule is intended to deter future police misconduct, not to cure past violations of a defendant's rights. Future police misconduct is not deterred when, as here, the officer did not engage in any misconduct and did not make a mistake of fact or law, but acted in objective good faith on the search incident to arrest law as it existed at the time, and had existed for many years. There is no deterrent effect to be gained by applying the exclusionary rule in this case.

With all due respect to the *Buford* district court, it is no more likely the final word on application of the good faith exception for violations of the *Gant* standard any more than this district court is likely to be the final word on that issue, or on the issue of the application of *Gant* in the DUI context. Application of the good faith exception was not an issue directly addressed in *Gant,* nor in any of the state court decisions preceding the Supreme Court's decision. It is an issue which remains "open for debate." See *United States v. Hrasky*, 567 F.3d 367, 368 (8th Cir. 2009)(court noted the government made no argument for application of the good faith exception, citing *Illinois v. Krull*, 480 U.S. 340, 107 S.Ct. 1160 (1987), and therefore, "express[ed] no view on whether good-faith reliance on *Belton*[8] would justify an exception to the exclusionary rule if the argument is raised in another case").

Emphasizing again that application of the good faith exception in the captioned matter represents only an alternative ruling, the court concludes said ruling does not constitute "clear error," nor does it create a "manifest injustice."

## II. CONCLUSION

For the foregoing reasons, Defendant's Motion For Reconsideration (Ct.

---

[8] *New York v. Belton*, 453 U.S. 454, 101 S.Ct. 2860 (1981).

**ORDER DENYING MOTION FOR RECONSIDERATION-         7**

Rec. 146) is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and to provide copies to counsel.

**DATED** this ___15th___ day of July, 2009.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
Chief U. S. District Court Judge

**ORDER DENYING MOTION FOR RECONSIDERATION-**       8